No. 33,561

C. T. Raterman, *Appellee*, v. Frank E. Harwi, *Appellant.*

(73 P. 2d 1030)

Opinion filed December 11, 1937.

*J. H. Brady* and *N. E. Snyder,* both of Kansas City, for the appellant.

*A. L. Berger, James M. Scott,* both of Kansas City, *W. D. Jochems, J. Wirth Sargent, Emmet A. Blaes* and *Roetzel Jochems,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to recover money. Judgment was for plaintiff. Defendant appeals.

Since the defendant urges vigorously that his demurrer to the petition should have been sustained, attention will be given that question at the outset.

The petition alleged first that about April 15, 1932, plaintiff entered into a contract with the defendant whereby the plaintiff agreed to sell and the defendant agreed to buy 245 shares of the common stock of the A. J. Harwi Hardware Company for $25,000, less an amount unpaid on the stock by plaintiff, amounting to $9,240, or a net figure of $15,760. The petition further alleged that thereafter the defendant, for the purpose of carrying out the agreement, acknowledged the contract in writing by a letter dated June 18, 1932, and that plaintiff replied to this by a letter dated June 22, 1932. Copies of these two letters were attached to the petition. The petition then alleged that $2,500 had been paid on the purchase price by defendant by two payments of $1,000 each and one payment of $500, and that

these payments left a balance due on the purchase price from defendant to plaintiff of $13,260. The petition further alleged that after the oral contract was entered into on or about April 15, 1932, and after this contract had been affirmed by the letter, as alleged, defendant at the time he made his second payment of $1,000, forwarded to the plaintiff a written agreement wherein defendant requested plaintiff to amend the oral contract, particularly attempting to change that contract by avoiding payment on a cash basis. A copy of this agreement was attached. This agreement provided that the defendant purchased by that agreement the stock in question. It set out the two $1,000 payments and provided that defendant would pay the balance by January 1, 1935. There were some other provisions in this proposed contract with which we are not here concerned.

To this petition defendant answered first with a general denial. The answer then stated that the petition did not allege facts sufficient to constitute a cause of action; that plaintiff's cause of action, if any, accrued more than three years prior to the time when the action was brought, and hence was barred; that a contract substantially as alleged by plaintiff was entered into between plaintiff and the A. J. Harwi Hardware Company, whereby it was agreed that the corporation would buy 245 shares of stock of the corporation from plaintiff. The reply was a general denial.

While the answer contained a paragraph which amounted to a demurrer to the petition, the manner in which that question was presented to the trial court was through an objection to the introduction of any evidence thereunder. This objection was overruled. Defendant argues that this was error. The argument is that the petition did not allege a sale but only a contract to sell. Many authorities are cited holding that there is a distinction between the two. On this point it must be noted that the petition pleaded an oral sale which it alleged was later confirmed in writing. Taking this allegation into consideration, together with the allegations in the petition as to the part of the purchase money being paid, and the correspondence between the parties, and the colloquy between counsel and the court during the trial, we have no trouble in reaching a conclusion that this petition stated a cause of action for the purchase price of stock rather than a cause of action on the contract for sale of stock in the future.

In connection with this argument defendant urges that the petition does not allege any delivery or tender of delivery of the stock

to him and that this is a necessary element in stating a cause of action for a completed sale. It appears, however, that one block of 125 shares of this stock was in the hands of defendant, never having been transferred to plaintiff by defendant, while the fair inference to be drawn from the correspondence between the parties to which reference is made in the petition is that both parties knew that the other block had been hypothecated at a bank to secure a loan, and it was to pay this loan that the money paid plaintiff by defendant was used.

Defendant next argues the petition did not state a cause of action because it appears from it that there was no unqualified acceptance of the offer. To sustain this argument he refers to the two letters, copies of which were attached to the petition. The first of these letters was from defendant to plaintiff. It read as follows:

"Pursuant to my telephone conversation with you this week and our various letters on the subject, I attach hereto the company's check payable to you for $1,000, which will relieve the pressing financial demands you have pointed out to me.

"It is understood that this check is tendered in payment of the purchase of your common stock in the corporation, amounting to 245 shares in total, on which you and I agreed on a valuation and exchange price of $25,000, less the unpaid balance on your contract amounting to $9,240, or a net figure of $15,-760.

"Will you please acknowledge receipt of this check and confirm the understanding I have outlined above?"

It must be remembered that the action was on an oral contract pleaded in the petition and later confirmed in writing. The reply to that letter was as follows:

"I have your letter of the eighteenth enclosing a check for $1,000 first payment on 245 shares of common stock as per your letter. Valuation of stock $25,000 less the unpaid balance on our contract amounting to $9,240, or a net figure of $15,760 to be paid on a cash basis.

"As you know, the notes at the bank will be due the last of the month and they want a payment. I will try and renew them for thirty days longer by paying the interest, and I know you will have another check the early part of next month. Let me know about when we can figure on it.

"I certainly want to thank you very much for cleaning up part of this matter at this time."

Defendant points out the language at the close of the first paragraph of the above letter "to be paid on a cash basis." He argues that the first of the above letters constitutes an offer to buy and that on account of the language mentioned, the second letter constituted a qualified acceptance of the offer; that it introduced a new element into the contract; that the payment of the balance should

all be made at once. We do not think these letters are subject to this interpretation. In the first place the letters do not constitute the entire contract either pleaded or proved. The action was brought on an oral contract and an oral contract was proved. In the second place the fair interpretation of the second letter, when the part about expecting another check the next month is read, is that plaintiff expected the payment of the balance in cash within a reasonable time.

The next point argued by defendant is that the title to the stock did not pass from plaintiff to defendant, hence there was no sale and no basis for an action for the purchase price. We have already dealt with this question when we spoke of the petition stating a cause of action for a purchase price. This allegation was established by the evidence. Furthermore, the defendant pleaded in his answer that he had entered into a contract with plaintiff about as pleaded in the petition, but that the contract was really made by the hardware company through plaintiff. With such a statement in the answer the defendant cannot later say that he did not make the contract pleaded.

Defendant does not urge in this court the proposition pleaded in the answer that the contract pleaded was really made by the hardware company through defendant. He does urge here that the court should not have given the jury the instruction that under the statutes of Kansas corporations are forbidden to purchase their own stock except under certain circumstances, and under the facts and circumstances of this case the hardware company could not lawfully purchase the stock in question. His argument is that the instruction given was not within the issues of the action, and, furthermore, was not a correct statement of the law. As to the first complaint, it may be said that the defendant brought the issue into the case in his answer. As to the second complaint, it was a correct statement. (See G. S. 1935, 17-603; *Savings Bank v. Wulfekuhler*, 19 Kan. 60; *Abeles v. Cochran*, 22 Kan. 405 and *Steele v. Telephone Association*, 95 Kan. 580, 148 Pac. 661.) The question of whether the contract was for the sale of the stock to the corporation or to defendant was fairly submitted to the jury by the instructions. By its general verdict the jury settled this issue in favor of the plaintiff. There was ample evidence in the record to sustain it.

Other complaints are made as to the instructions given. We have examined these instructions and conclude that they stated the law of the case fairly and completely.

The judgment of the trial court is affirmed.